UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

FRANK RICHARDSON,

        Defendant.
_____/

Case No. 10-cr-20397
Case No. 11-cr-20444

HON. MARK A. GOLDSMITH

**OPINION & ORDER
(1) DENYING DEFENDANT'S MOTION TO VACATE HIS SENTENCE (Case No. 10-cr-20397, Dkt. 358; Case No. 11-cr-20444, Dkt. 113);
(2) DENYING DEFENDANT'S MOTION TO MODIFY HIS JUDGMENT (Case No. 10-cr-20397, Dkt. 372; Case No. 11-cr-20444, Dkt. 122); AND
(3) DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL (Case No. 10-cr-20397, Dkt. 373; Case No. 11-cr-20444, Dkt. 123)**

Before the Court are three motions filed by Defendant Frank Richardson in each of two actions: Case No. 10-20397, United States v. D-2 Richardson, and Case No. 11-20444, United States v. D-1 Richardson. In each action, Richardson filed (i) a motion to vacate his sentence under 28 U.S.C. § 2255 (Case No. 10-cr-20397, Dkt. 358; Case No. 11-cr-20444, Dkt. 113); (ii) a motion to modify his judgment for fines and restitution (Case No. 10-cr-20397, Dkt. 372; Case No. 11-cr-20444, Dkt. 122); and (iii) a motion to appoint counsel (Case No. 10-cr-20397, Dkt. 373; Case No. 11-cr-20444, Dkt. 123). For the reasons that follow, the Court denies all of Richardson's motions.[1]

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). The briefing includes the Government's response to Richardson's motion to vacate (Case No. 10-cr-20397, Dkt. 365; Case No. 11-cr-20444, Dkt. 118), Richardson's reply (Case No. 10-cr-20397, Dkt. 366; Case No. 11-cr-20444, Dkt. 119), the Government's response to Richardson's motion to modify his judgment

## I. BACKGROUND

Richardson was charged with eleven counts for his leadership role in a series of five robberies. He was indicted separately for his involvement in (i) four of the robberies, which occurred on February 22, March 3, May 8, and May 28, 2010, see Superseding Indictment (Case No. 10-cr-20397, Dkt. 13), and (ii) the one other robbery, which occurred on April 3, 2010, see Indictment (Case No. 11-cr-20444, Dkt. 1). For each of the five robberies, Richardson was charged with aiding and abetting (i) armed robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a); and (ii) "us[ing] and carry[ing] a firearm[] during and relation to a crime of violence" in violation of 18 U.S.C. § 924(c). See Superseding Indictment; Indictment; Jury Instructions (Case No. 10-cr-20397, Dkt. 173; Case No. 11-cr-20444, Dkt. 56). Richardson was also charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) in Case No. 10-cr-20397. See Superseding Indictment.

The dockets for the two actions were consolidated for jury trial. Evidence presented during trial demonstrated that Richardson organized robberies targeting retail stores selling cellular telephones. Richardson did not enter the stores himself, but he chose the locations, assembled the team members, provided the firearms, and served as a lookout during the robberies. See, e.g., 6/25/13 Trial Tr. at 23–26 (Case No. 10-cr-20397, Dkt. 211) (February 22 robbery); id. at 36–37,

---

for fines and restitution (Case No. 10-cr-20397, Dkt. 377; Case No. 11-cr-20444, Dkt. 125), and Richardson's reply (Case No. 10-cr-20397, Dkt. 378; Case No. 11-cr-20444, Dkt. 126). The relevant filings in the two actions are identical or nearly identical, so unless otherwise indicated, the citations to filings in this opinion and order refer to those filings in both actions.

These cases were originally assigned to the Honorable Gerald Rosen, who presided over Richardson's jury trial. The cases were reassigned to the Honorable John Corbett O'Meara on February 1, 2017, and to the undersigned on June 5, 2020.

195–197 (March 3 robbery); id. at 203–205 (April 3 robbery); id. at 213–218 (May 8 robbery); id. at 226–232 (May 28 robbery).

In each of the five robberies, at least one member of the team was armed, and testimony reflected that the robbers used their firearms to ensure store employees and customers' submission to the robbers' demands.[2] After the robberies, Richardson sold the stolen electronics and split the proceeds among the group. See, e.g., 6/25/13 Trial Tr. at 22–23, 49, 63, 203.

The jury found Richardson guilty of all eleven counts. Verdict Form (Case No. 10-cr-20397, Dkt. 171; Case No. 11-cr-20444, Dkt. 54). The trial judge sentenced Richardson to 1,494 months in prison. See Case No. 10-cr-20397 Judgment (Dkt. 193); Case No. 11-cr-20444 Judgment (Dkt. 62).

Twice on appeal, the United States Court of Appeals for the Sixth Circuit affirmed Richardson's conviction and sentence, and both times, the Supreme Court vacated and instructed the Sixth Circuit to consider whether an intervening Supreme Court decision or new legislation

---

[2] See 6/25/13 Trial Tr. at 193 (containing co-defendant Derrick Bivens's statement regarding the February 28 robbery that "I held the gun and told everybody get back to the storage room while my brother looked out the door and Jerome collected the phones"); id. at 30–31 (providing testimony that Bivens was armed with semi-automatic firearm during February 22 robbery); id. 189–190 (explaining that Richardson provided firearms that were "used" during the February 28 robbery); id. at 199–200 (containing Bivens's testimony that he was armed with a firearm provided by Richardson during the March 3 robbery, that "the manager and the elderly woman" complied when told to "get to the back of the store," and that Bivens's role during robberies was to "always go in first with the gun and make sure nobody ran out"); 6/14/2013 Trial Tr. at 81–82 (Case No. 10-20397, Dkt. 216) (containing testimony of victim Michael Johnson that robbers who threw him to the ground and then forced employees and customers to the back of the store and stole wallets were armed with at least one semi-automatic pistol during April 3 robbery); 6/25/13 Trial Tr. at 56–59 (explaining that participants were armed during April 3 robbery); id. at 208–211 (containing Bivens's testimony that he was armed with a firearm provided by Richardson during the April 3 robbery and that "[o]nce [the participants] got inside, [Bivens] told the customers get back to the storage"); id. at 220 (containing Bivens testimony that he was armed during May 8 robbery); 6/24/13 Trial Tr. at 114–117 (Case No. 10-20397, Dkt. 210) (containing Co-defendant Derick Shirley's testimony that participants were armed during the May 8 robbery); 6/25/13 Trial Tr. at 83–84, 87 (explaining that Bivens was armed during May 28 robbery).

3

affected his conviction.³ The Sixth Circuit then affirmed Richardson's conviction and sentence for a third time, after which the Supreme Court denied certiorari. See United States v. Richardson, 948 F.3d 733, 753 (6th Cir.), cert. denied, 141 S. Ct. 344 (2020).

Richardson now moves pursuant to 28 U.S.C. § 2255 to modify or vacate his conviction based on ineffective assistance of both trial and appellate counsel. See Mot. to Vacate. He also requests that the Court modify his judgment for fines and restitution, see Mot. to Modify J., and appoint counsel to represent him, see Mot. to Appoint Counsel.

## II. ANALYSIS

In his motion to vacate his sentence, Richardson presents three arguments that his attorneys were unconstitutionally deficient.⁴ The Court addresses each argument in turn, and it then considers Richardson's requests that the Court modify his judgment and appoint him counsel.

---

³ See United States v. Richardson, 793 F.3d 612, 634 (6th Cir. 2015), judgment vacated, 577 U.S. 1129 (2016) (remanding for further consideration in light of Johnson v. United States, 576 U.S. 591 (2015)); United States v. Richardson, 906 F.3d 417, 429 (6th Cir. 2018), judgment vacated, 139 S. Ct. 2713 (2019) (remanding for further consideration in light of the First Step Act of 2018, Pub. L. No. 115–391 (2018)).

⁴ In order to prevail on a § 2255 motion, a defendant "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Mallett v. United States, 334 F.3d 491, 496–497 (6th Cir. 2003) (punctuation modified, citation omitted).

To establish a claim of ineffective assistance of counsel, a defendant must show both that (i) "counsel's 'representation fell below an objective reasonableness standard'" and (ii) "'there is a reasonable probability that, but for counsel's unprofessional error, the proceeding's result would have been different.'" Bell v. Cone, 535 U.S. 685, 695 (2002) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). In other words, a defendant must demonstrate "proof of both deficient performance and prejudice to the defense." Id. Claims for ineffective assistance of appellate counsel and for ineffective assistance of trial counsel are both subject to the same Strickland test. Mahdi v. Bagley, 522 F.3d 631, 636 (6th Cir. 2008). Erroneous jury instructions result in prejudice to the defense "only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." United States v. Harrod, 168 F.3d 887, 892 (6th Cir. 1999) (punctuation modified, citation omitted).

### A. Jury Instructions Combined Elements of Separate "Use and Carry" and "Possess" Provisions of § 924(c)

Richardson argues that jury instructions "erroneously cross-matched elements" between two distinct crimes under § 924(c) to create one non-existent crime, and that the failure of trial counsel or appellate counsel to object to these instructions constituted ineffective assistance of counsel. See Def. Mot. to Vacate at 5. Section 924(c) "criminalizes two separate and distinct offenses: (1) <u>using or carrying</u> a firearm <u>during and in relation to</u> a drug trafficking crime, and (2) <u>possessing</u> a firearm <u>in furtherance of</u> a drug trafficking crime." United States v. Savoires, 430 F.3d 376, 377 (6th Cir. 2005) (punctuation modified, citation omitted, emphasis in original). Richardson was charged under only the "use and carry" provision. Superseding Indictment; Indictment.

In the instructions with which Richardson takes issue, the court told the jury that it could convict Richardson for aiding and abetting the crime of using or carrying a firearm during and in relation to a crime of violence if it found both that (i) "Mr. Richardson aided and abetted a person who used, carried <u>or possessed</u> a firearm" and (ii) "the firearm was used, carried <u>or possessed</u> during and in relation to a crime of violence." 6/28/13 Trial Tr. at 40 (Case No. 10-cr-20397, Dkt. 214) (emphasis added); see also Jury Instructions at 21. Richardson is correct that the inclusion of the word "possessed" in these instructions was improper because it introduced an element absent from the "use and carry" provision under which Richardson was charged. See Savoires, 430 F.3d at 377.

Arguing that his trial and appellate counsel rendered deficient performance that affected Richardson's substantial rights by failing to challenge the instructions as erroneous, Richardson relies on three cases from the Sixth Circuit. Def. Mot. to Vacate at 7–10. These cases all overturned convictions where jury instructions and other communications to the jury misstated the

elements of a § 924(c) offense.[5] Richardson concludes that, just like the jury instructions in Castano, Savoires, and Lowe were erroneous, the jury instructions in his case were erroneous, and his counsel's deficient failure to raise this issue resulted in prejudice. Def. Mot. to Vacate at 10–11 (citing Strickland).

The Government contends that, when considered in the context of all communications to the jury, the jury instructions' isolated use of the term "possessed" along with the terms "used" and "carried" could not have confused the jurors to such an extent that they improperly convicted Richardson of an uncharged crime. Gov't Resp. to Mot. to Vacate at 12. As the Government correctly observes, outside of the isolated errors identified by Richardson, the jury instructions correctly identified in multiple places the elements of the § 924(c) counts with which Richardson was charged.[6]

---

[5] See United States v. Castano, 543 F.3d 826, 831–832 (6th Cir. 2008) (reversing conviction of defendant charged under "use and carry" provision of § 924(c) where three statements in the jury instructions, the verdict form used by the jury, and the Government's closing argument referred to the count as "the crime of possession of a firearm during a drug trafficking crime") (punctuation modified, emphasis in original); Savoires, 430 F.3d at 378–379 (reversing conviction where jury instructions and Government's closing argument charged that the defendant "did knowingly carry and possess [a described shotgun] during and in relation to and in furtherance of a drug trafficking crime" and thus borrowed elements from both § 924(c) provisions to create the "crime of using, carrying, or possessing a firearm during and in relation to a drug trafficking crime") (punctuation modified, emphasis in original); United States v. Lowe, 172 F. App'x 91, 95 (6th Cir. 2006) (reversing conviction where jury instructions charged that the defendant "did knowingly carry and possess firearms, during and in furtherance of a drug trafficking crime" under § 924(c) and incorrectly stated that the § 924(c) charge required a finding that "during and in relation to the commission of that crime, Defendant Lee Lowe knowingly possessed a firearm in furtherance of that crime") (punctuation modified, emphasis in original).

[6] Specifically:

- The § 924(c) instructions were correctly titled, "USING OR CARRYING A FIREARM DURING FEDERAL CRIME OF VIOLENCE." 6/28/13 Trial Tr. at 41–42; Jury Instructions at 21.

- The instructions stated that Richardson was charged with violating § 924(c) by "aiding and abetting the crime of using or carrying a firearm during and in relation to a federal crime of

The Government suggests that United States v. Harper provides a better comparison to the present case than the cases cited by Richardson. See Gov't Resp. to Mot. to Vacate at 13 (citing United States v. Harper, No. 11-20188, 2018 WL 783100, at *4–5 (E.D. Mich. Feb. 8, 2018), aff'd, 792 F. App'x 385 (6th Cir. 2019)). The Harper court found that there was no ineffective assistance of counsel for failure to challenge jury instructions even though the jury was improperly "instructed that for the § 924(c) 'using or carrying' offenses, they had to find that the defendant used or carried or knowingly possessed a firearm." 2018 WL 783100, at *4–5 (emphasis added). In Harper, multiple factors indicated that—notwithstanding the error in the jury instructions—the jury had properly understood and convicted only on the "carry and use" charge. Id. at *5.

The Court agrees with the Government that Richardson has failed to show that either the errors in the jury instructions or his attorneys' failure to object to those errors resulted in prejudice to Richardson, which defeats his claim for ineffective assistance of counsel. Bell, 535 U.S. at 695. When read "as a whole," the jury instructions were not "so clearly erroneous as to likely produce a grave miscarriage of justice," Castano, 543 F.3d at 833 (punctuation modified, citation omitted),

---

violence." Jury Instructions at 21.

- The Court defined "use" to require that the Government "prove active employment of the firearm during and in relation to" the underlying bank robbery counts and "more than mere possession or storage." 6/28/13 Trial Tr. at 40–41 (emphasis added); Jury Instructions at 21–22 (emphasis added).

- The Court also delivered instructions on aiding and abetting the use or carrying of a firearm during a crime of violence, and these instructions repeatedly and correctly referred to the § 924(c) charge as "using or carrying a firearm during and in relation to a federal crime of violence" without mentioning "possession." 6/28/13 Trial Tr. at 42–44; Jury Instructions at 23.

- Further, the indictments and jury form accurately stated the charges. See Superseding Indictment at 2–8; Indictment at 2; Verdict Form at 1–7.

7

or so "confusing, misleading, or prejudicial" that Richardson's attorneys rendered ineffective counsel by failing to object, Noble v. United States, No. 2:10-CR-51-JRG, 2018 WL 4441240, at *8 (E.D. Tenn. Sept. 17, 2018) (punctuation modified, citation omitted). Very similar factors to those that counseled the Harper court to find that there was no ineffective assistance of counsel are present here. In particular:

- The Harper instructions improperly used the word "possession" only twice, 2018 WL 783100, at *5, and there are only two improper instances of the word "possessed" in the Richardson instructions, see 6/28/13 Trial Tr. at 40; Jury Instructions at 21.

- The references to "possession" in Harper's definitions for "use" and "carrying" "indicated that something more [than possession] was required, not something less," 2018 WL 783100, at *5 (emphasis added); similarly, this Court defined "use" to require that the Government "prove active employment of the firearm" and "more than mere possession or storage," 6/28/13 Trial Tr. at 40–41; Jury Instructions at 21–22.

- The Harper court found persuasive the fact that "the jury verdict form was correct" and that evidence and arguments at trial did not reinforce the error in the instructions. 2018 WL 783100, at *5. Here, too, the jury verdict form was accurate, and Richardson has not identified any errors in the evidence or argument pertaining to the elements of the § 924(c) charges. In contrast, the miscommunications to the jury were more extensive in Castano and Savoires. See Castano, 543 F.3d at 831–832 (identifying three misstatements in jury instructions and additional misstatements in jury verdict form and Government's closing argument); Savoires, 430 F.3d at 379 (identifying misstatements in jury instructions and Government's closing argument).

As the Government correctly argues, see Gov't Resp. at 15–16, the cases cited by Richardson are further distinguishable because the instructions in those cases misstated the "during and in relation to" standard or conflated it with the "in furtherance" standard. See Castano, 543 F.3d at 831 (reviewing charge of "possession of a firearm during a drug trafficking crime") (punctuation modified, emphasis modified); Savoires, 430 F.3d at 378 (reviewing charge that the defendant "did knowingly carry and possess [a firearm] during and in relation to and in furtherance of a drug trafficking crime") (punctuation modified, emphasis added); Lowe, 172 F. App'x at 95 (reviewing charge that "during and in relation to the commission of that crime, [the defendant] knowingly possessed a firearm in furtherance of that crime") (emphasis modified). In contrast, the jury in Richardson's case was properly instructed that they could convict Richardson only under the "during and in relation to" standard. 6/28/13 Trial Tr. at 40; Jury Instructions at 21.

The fact that the jury twice heard the word "possessing" amid the larger context of clear and accurate instructions—including the Court's clarification that "more than mere possession" was required for conviction, 6/28/13 Trial Tr. at 40–41 (emphasis added); Jury Instructions at 21–22 (emphasis added)—fails to cast doubt on the understanding that the jury knowingly convicted Richardson of the charged § 924(c) offenses. Richardson cannot show "a reasonable probability" that any objections from his counsel on this point would have led to a different result. Bell, 535 U.S. at 695 (punctuation modified, citation omitted). Thus, Richardson's first claim for ineffective assistance of counsel fails. Id.

**B. Jury Instructions Misidentified the Count Numbers of the Predicate Offenses**

Richardson argues that his trial and appellate counsel deficiently failed to challenge erroneous jury instructions that inadvertently identified the Hobbs Act robbery crimes—which were predicate offenses of the § 924(c) charges—as even-numbered counts rather than odd-

9

numbered counts. Def. Mot. to Vacate at 11–15. The parties stipulated that the Hobbs Act robbery counts would appear as Counts 1, 3, 5, 7, 9 in both the jury instructions and on the verdict form, while the § 924(c) counts would appear as Counts 2, 4, 6, 8, 10. See Stipulation Regarding Counts at 1–2 (Case No. 10-20397, Dkt 169). However, instead of instructing the jury that it must find that the firearm facilitated or furthered the robbery crimes in Counts 1, 3, 5, 7, 9, the trial court erroneously instructed the jury that it could convict on the § 924(c) counts (Counts 2, 4, 6, 8, and 10) if the firearm facilitated or furthered "Counts two, four, six, eight, and ten[.]" 6/28/13 Trial Tr. at 41–42; see also Jury Instructions at 21–22.[7]

The Government argues that "a review of the entire jury instructions and verdict [] form reveals that the Court's instructions accurately conveyed the applicable charges and legal principles." Gov't Resp. to Mot. to Vacate at 18. When reading the verdict form, the Court used the correct count number for each count—including, for example, by referring to the first armed robbery charge as "Count One." Id. (citing 6/28/13 Trial Tr. at 65). The verdict form lists the charges in order by number, and so each count for "Robbery Affecting Interstate Commerce" is followed by a correctly-numbered count for "Use and Carrying of a Firearm During and Relation to A Crime of Violence." Verdict Form at 1–7. The jury instructions—as read out loud and as written—clearly state that the jury could convict on the § 924(c) only if there was "a crime of violence which may be prosecuted in a court of the United States," and the Court instructed that

---

[7] Following delivery of the instructions to the jury, the Government brought this error to the attention of the Court. 6/28/13 Trial Tr. at 75–76. The parties dispute whether the jury ever saw corrected instructions. Gov't Resp. to Mot. to Vacate at 16–20 (arguing that the Court, counsel for the Government, and defense counsel all agreed to write the correct count numbers for the armed robbery charges into the jury instructions); Def. Reply in Supp. Mot. to Vacate at 4 (expressing doubt that the jury ever saw the corrected instructions). The Court need not resolve this factual dispute because, for the reasons that follow, it finds that Richardson cannot prevail on this claim, regardless of whether or not the jury was re-instructed.

"Robbery Affecting Interstate Commerce" is one such crime. Jury Instructions at 21; see also 6/28/13 Trial Tr. at 39–41. The Court's instructions also correctly identify the predicate robberies as the odd-numbered counts in certain places. See, e.g., id. at 40–41.

The Court agrees with the Government that, when "viewed as whole," the jury instructions were not "confusing, misleading, or prejudicial" as to the necessity of finding guilt for the predicate robberies before convicting on the § 924(c) counts. Harrod, 168 F.3d at 892 (punctuation modified, citation omitted). The jury instructions in their entirety and the verdict form provided the jury with a strong basis for understanding that finding guilt on the robbery counts was a necessary predicate for finding guilt on the § 924(c) counts. A minor slip in reference to the particular numbers associated with the counts does not render the entire body of communications to the jury "confusing, misleading, or prejudicial." Noble, 2018 WL 4441240 at *8 (punctuation modified). Therefore, Richardson's ineffective counsel claim on this count fails. See id.

**C. Seven-Year Sentencing Minimum Based on "Brandishing" A Firearm**

Section 924(c)(1)(A) provides that, "if [a] firearm is brandished" during a crime of violence, then the defendant shall be sentenced "to a term of imprisonment of not less than 7 years." Richardson argues that he received this sentencing minimum due to brandishing without Richardson ever having been charged with brandishing in any indictment, and so the seven-year mandatory sentence he received was improper, and his counsel's performance was deficient for not challenging it. Mot. to Vacate at 15–17. Richardson submits that "'brandishing constitutes an element of a separate offense and [] the government needed to charge that crime in the indictment'" for § 924(c)(1)(A) to apply. Id. at 16 (quoting United States v. Yancy, 725 F.3d 596, 602 (6th Cir. 2013)); see also Alleyne v. United States, 570 U.S. 99, 115 (2013) ("[B]ecause the fact of brandishing aggravates the legally prescribed range of allowable sentences, it constitutes an element of a separate, aggravated offense that must be found by the jury . . . .").

11

The Government argues that, for the Court to impose a seven-year sentence under § 924(c), the jury—not the Court—must have found that brandishing of a firearm occurred during and in relation to a crime of violence. The Government argues that the jury did find that Richardson brandished a firearm during a crime of violence in the present case. Gov't Resp. at 20–22. In the Court's verdict form, the jury was specifically asked to determine whether a "firearm was brandished" in jury interrogatories following the armed robbery and § 924(c) counts for each of the five robberies. Verdict Form at 1–7. In the Government's view, cases where courts found sentencing errors under Alleyne are distinguishable on this basis. See, e.g., United States v. Mack, 729 F.3d 594, 606–607 (6th Cir. 2013) (finding error with the district court's imposition of a seven-year sentence under § 924(c) where the indictment charged the defendant with using, carrying, and brandishing a firearm, but "[t]he jury verdict form . . . did not require the jurors to make a specific finding about whether the defendant brandished a firearm," and instead the district court made this finding) (citing Alleyne, 570 U.S. 99).

The jury's specific finding that brandishing had occurred is dispositive, and it defeats Richardson's claim. Alleyne reinforces the understanding that a jury finding is sufficient to allow a brandishing-based sentencing enhancement, even without a charge in the indictment. See 570 U.S. at 117.[8] Although Yancy stated that "the government needed to charge [brandishing] in the

---

[8] The Supreme Court of the United States in Alleyne found that a seven-year sentencing enhancement was improper where the defendant—like Richardson—was charged only under the "use or carry" provision without mention of brandishing, and where—unlike in the case of Richardson—the jury's verdict form made no mention of brandishing. 570 U.S. at 114–115. The Supreme Court explained its rationale by referencing the "well-established practice of including in the indictment, and submitting to the jury, every fact that was a basis for imposing or increasing punishment." Id. at 109–110 (emphasis added). The Supreme Court's holding, however, focused on the importance not of the indictment but of the jury finding:

> Because the finding of brandishing increased the penalty to which the defendant was subjected, it was an element, which had to be found by the jury beyond a reasonable doubt. The judge, rather than the jury, found brandishing, thus violating

indictment," 725 F.3d at 602, the Yancy court also affirmed the defendant's seven-year sentencing judgment under § 924(c) because Yancy "voluntarily pleaded guilty, admitting that he did in fact brandish the weapon during the carjacking," id. Thus, the fact that brandishing had occurred was not in dispute—nor can it be disputed here, given that the jury made that specific finding. The seven-year sentencing minimum based on the element of brandishing was, therefore, proper, and Richardson's counsel made no error in not challenging it. Counsel was thus not deficient, and Richardson's claim fails. See Bell, 535 U.S. at 695.

### D. Motion to Modify Judgment for Fines and Restitutions

Richardson was ordered to pay fines and restitution to the victims of his criminal activity in each of the two cases in which he was convicted. See Case No. 10-cr-20397 Am. Judgment (Dkt. 275); Case No. 11-cr-20444 Am. Judgment at PageID.358 (Dkt. 84). The Court ordered that payment was due "during the period of imprisonment." Case No. 10-cr-20397, Am. Judgment at PageID.3197; Case No. 11-cr-20444, Am. Judgment at PageID.358.

Richardson requests that the Court either "set a scheduled payment of $25.00 quarterly to be imposed," or "enter an order waiving any further payments to be made by him." Def. Mot. to Modify J. at 3. Richardson explains that "[t]he reasoning for this Motion . . . is because staff here at the BOP [(Bureau of Prisons)] has now been threatening Movant with sanctions and other punishments if he does not sign a new agreement for increased pay to FRP [(Financial Responsibility Program)] at institution." Id. at 4. Richardson argues that the BOP does not have

---

        petitioner's Sixth Amendment rights. Accordingly, we vacate the Fourth Circuit's
        judgment with respect to Alleyne's sentence on the § 924(c)(1)(A) conviction and
        remand the case for resentencing consistent with the jury's verdict.

Id. at 117–118 (emphasis added).

the authority to impose IFRP (Inmate FRP) payment plans, asserting that "only a sentencing court (Judge)[] has the authority to set the amount and time in which restitution or fines may be paid and types of payment for same." Id. at 2. Richardson states that the "Inmate Financial Responsibility Program cannot collect pay from prisoners' accounts unless the Judge orders the doing of the same." Id. (emphasis in original).

The Government notes that the Sixth Circuit has rejected the position that the setting of terms of restitution and scheduling of payments are core judicial functions that cannot be delegated to probation officers. See Gov't Resp. to Mot. to Modify J. at 4–5 (citing Weinberger v. United States, 268 F.3d 346, 361 (6th Cir. 2001)). The Government further argues that this Court does not even have "jurisdiction to consider Richardson's request to set a specific payment schedule for his participation in the IFRP." Id. at 6. Indeed, "it is not clear that this Court has the authority to delegate a different payment schedule for [Richardson] while he is participating in the IFRP." United States v. Bivins, No. 10-CR-20397, 2019 WL 11593066, at *1 (E.D. Mich. Feb. 1, 2019) (citing United States v. Callan, 96 F. App'x 299, 301 (6th Cir. 2004)).

The Government is correct that the Court may properly defer to the BOP and IFRP to determine the details of Richardson's payment schedule, as this Court held when denying a similar motion for clarification and modification of judgment filed by one of Richardson's co-defendants. See Bivins, 2019 WL 11593066, at *1 ("The Bureau of Prisons is better suited [than the Court] to assess Bivins' financial position and determine an appropriate schedule for payment."). Because "[t]he BOP has the professional capacity and responsibility to consider Defendant's financial circumstances," United States v. Austin, No. 15-20609, 2021 WL 2935248, at *2 (E.D. Mich. July 13, 2021), the Court declines to intrude on decision-making properly delegated to the BOP. To

14

the extent that Richardson wishes to modify his payment schedule, he can work with his BOP counselor to do so. See 28 C.F.R. § 545.11(b).

Richardson makes additional arguments, all of which misstate the law.[9] Richardson's motion to modify his judgment has no merit. It is denied.

---

[9] Specifically:

- Richardson argues that 18 U.S.C. §§ 3663–3664 "require Judges to establish exact amount and timing of installment payments on fines and restitution; and these statutes trump B.O.P. regulations and policies and place a strict five (5) year limit on collections." Mot. to Modify J. at 4 (emphasis in original). Richardson appears to refer to § 3664(f)(2), which provides that "the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid . . . ." However, as the Government notes, § 3664(f)(2) does not apply here because the Court never established a payment schedule as contemplated by § 3572. See Resp. to Mot. to Modify J. at 6–7. Rather, the Court directed that Richardson complete payments due "during the period of imprisonment." Case No. 10-cr-20397, Am. Judgment at PageID.3197; Case No. 11-cr-20444, Am. Judgment at PageID.358.

- Richardson cites to § 3664(k), which allows for adjustment of a payment schedule upon a showing of "a material change in the defendant's economic circumstances." Richardson has not argued or provided any factual basis for the proposition that his economic circumstances have changed, and so—even if the Court had established a payment schedule rather than delegate that duty to BOP—§ 3664(k) provides no grounds for making modifications to Richardson's payment schedule.

- Richardson asserts that there is a five-year limit on collection of restitution. He appears to refer to an older version of Title 18. Following the 1996 amendments to the Mandatory Victims Restitution Act, liability for paying fines "terminate[s] the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." 18 U.S.C.A. § 3613(b) (emphasis added).

- Richardson also notes that three of his co-defendants have been released from prison, which Richardson states "would leave [the] bulk and burden of restitution on Movant, while they are free of the obligation." Mot. to Modify J. at 3. Richardson submits that his three co-defendants who are still incarcerated have not been on schedule with their payments. Id. at 3–4. Richardson's assertions that his co-defendants should bear a greater share of their collective burden do not relieve him of his restitution obligations, for which all Defendants are jointly and severally liable. See 18 U.S.C. § 3664(h); United States v. Osborne, No. 1:06-CR-00006-R, 2010 WL 4788169, at *1 (W.D. Ky. Nov. 17, 2010).

### E. Motion to Appoint Counsel

Richardson requested that the Court appoint his previous counsel, Michael Dezsi, "to represent [him] in the issues that are addressed in the petition . . . ," apparently referring to the motion to modify his judgment for fines and restitution, filed on the same day as his motion to appoint counsel. Def. Mot. to Appoint Counsel at PageID.3932.

"The decision to appoint counsel for federal habeas motion proceedings is within the discretion of the court and is required only where the interests of justice or due process so require." United States v. Boyd, No. 04-80391, 2011 WL 318112, at *1 (E.D. Mich. Jan. 31, 2011). This Court already granted Richardson's motion to appoint Dezsi as counsel in connection with his § 2255 motion (Case No. 10-20397, Dkt. 356; Case No. 11-20444, Dkt. 111). The Court has no basis for finding that justice or due process require the "extraordinary measure" of appointing counsel for Richardson for his meritless motion to modify his judgment. Boyd, 2011 WL 318112, at *1. The Court denies Richardson's motion.

### III. CONCLUSION

For the foregoing reasons, the Court denies (i) Richardson's motion to vacate his sentence under 28 U.S.C. § 2255 (Case No. 10-cr-20397, Dkt. 358; Case No. 11-cr-20444, Dkt. 113); (ii) Richardson's motion to modify his judgment for fines and restitution (Case No. 10-cr-20397, Dkt. 372; Case No. 11-cr-20444, Dkt. 122); and (iii) Richardson's motion to appoint counsel (Case No. 10-cr-20397, Dkt. 373; Case No. 11-cr-20444, Dkt. 123).

SO ORDERED.

Dated: July 19, 2022             s/Mark A. Goldsmith
Detroit, Michigan            MARK A. GOLDSMITH
           United States District Judge

**CERTIFICATE OF SERVICE**

        The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 19, 2022.

                                                      s/Kelly Winslow
                                                      Case Manager