UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 10-20397

vs.                                       HON. MARK A. GOLDSMITH

FRANK RICHARDSON,

        Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE (Dkt. 321)**

Following an eight-day trial in June 2013, a jury found Defendant Frank Richardson guilty on multiple counts of aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and using and carrying a firearm during and in relation to crimes of violence, i.e., the robberies, in violation of 18 U.S.C. § 924(c). Jury Verdict (Dkt. 171). Judge Gerald Rosen sentenced Richardson to 1,494 months' imprisonment. Judgment (Dkt. 193).[1] Richardson, 48 years old, is projected to be released on July 7, 2116.[2]

This matter is before the Court on Richardson's motion for modification or reduction of his sentence (Dkt. 321). Having considered all briefing and record materials submitted by the parties, the Court denies Richardson's motion.[3]

---

[1] This case was reassigned to the undersigned on June 5, 2020.

[2] See Federal Bureau of Prisons (BOP), "Find an Inmate," https://www.bop.gov/inmateloc/ (last visited July 6, 2022).

[3] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). Richardson initially filed his motion pro se; the Government filed a response (Dkt. 325); and Richardson filed a reply (Dkt. 328).

## I. ANALYSIS

The First Step Act (FSA) modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582(c), such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Ruffin, 978 F.3d 1000, 1003–1004 (6th Cir. 2020).[4] Before granting a compassionate release motion, a district court must engage in a three-step inquiry: (i) the court must find that "extraordinary and compelling reasons warrant [a sentence] reduction"; (ii) it must ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (iii) it must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). If all of those requirements are met, the district court "may reduce the term of imprisonment," but it need not do so. 18 U.S.C. § 3582(c)(1)(A).

Regarding the first step of the inquiry, the United States Court of Appeals for the Sixth Circuit has held that, with respect to motions for compassionate release filed by imprisoned individuals, "extraordinary and compelling" reasons are not limited to those set forth in U.S.S.G. § 1B1.13. Jones, 980 F.3d at 1109. It has further held that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the [FSA], district courts have full discretion in the interim to determine

---

Richardson was then appointed counsel, through whom he filed a supplemental brief (Dkt. 346); the Government filed a response (Dkt. 347). Richardson then filed, pro se, a second supplemental brief (Dkt. 351). He also filed, through appointed counsel, a third supplemental brief (Dkt. 352); the Government filed a response (Dkt. 354).

[4] Before an inmate moves for compassionate release under § 3582(c)(1), the inmate must either exhaust his or her administrative remedies with the BOP or wait 30 days from when the inmate filed a request with his or her warden. 18 U.S.C. § 3582(c)(1)(A); United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020). Here, the Government does not contest Richardson's exhaustion of his administrative remedies.

whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." Id.

The Court considers (i) whether extraordinary and compelling circumstances warrant modifying Richardson's sentence, and (ii) whether the § 3553(a) factors support a sentence modification.

### A. Extraordinary and Compelling Circumstances

Prior to the enactment of the First Step Act, § 924(c)(1)(C)(i) required a district court to impose a mandatory and consecutive term of 25 years of imprisonment on second and subsequent § 924(c) convictions if the defendant sustained two or more § 924(c) convictions in the same case. United States v. Beigali, no. 21-2917, 2022 WL 710213, at *3 (6th Cir. Mar. 9, 2022). This "stacking" provision led to lengthy sentences like Richardson's. After Richardson was sentenced, the FSA eliminated the stacking provision so that now a defendant is subject to a mandatory consecutive term of 25 years of imprisonment only if "a violation of this subsection . . . occurs after a prior conviction under this subsection has become final." 18 U.S.C. § 924(c)(1)(A)(i); see also United States v. Burton, 802 F. App'x 896, 911–912 (6th Cir. 2020). A prior § 924(c) conviction is "final" if "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." United States v. Richardson, 948 F.3d 733, 751 (6th Cir. 2020).

Richardson contends that the elimination of the stacking provision is an extraordinary and compelling reason to release him. He points out that had he been sentenced after the enactment of the FSA, his sentence would have been 35 years rather than 124 years. The Government responds that Congress did not make the FSA's changes to the sentencing laws retroactive, and, therefore,

the elimination of the stacking provision cannot constitute an extraordinary and compelling circumstance warranting a sentence modification.

The Government has the better argument. Recently, in United States v. Hunter, the Sixth Circuit clarified that "non-retroactive changes in the law, whether alone or in combination with other personal factors, are not 'extraordinary and compelling reasons' for a sentence reduction." 12 F.4th 555, 562 (6th Cir. 2021). It follows from this proposition that the FSA's non-retroactive change to the stacking provision is not an extraordinary and compelling reason to modify Richardson's sentence. See United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022).

Richardson has failed to show an extraordinary and compelling reason to reduce his sentence, and his motion could be denied on this basis alone. Even if Richardson had shown an extraordinary and compelling reason to modify his sentence, a sentence modification would still be unwarranted based on the § 3553(a) factors, as explained below.

**B. Section 3553(a) Factors**

Before granting a sentence reduction under the FSA, the Court must consider the § 3553(a) factors, which include the nature and circumstances of a defendant's offenses, the seriousness of the offenses, the need to promote respect for the law, and the need to protect the public from further crimes by the defendant.

Richardson, apparently undeterred by the punishments he received for prior firearm and violent offenses, see Gov't Resp. to Mot. at 27–28 (citing Presentence Investigation Report Rev. 07/12/17 ¶¶ 88–91, 107), helped perpetrate multiple armed robberies that endangered the public. To shield himself from being caught, he solicited others to actually commit the robberies. As the Sixth Circuit has recounted:

> Richardson was convicted of participating in the armed robbery of five stores in and around Detroit, Michigan between February 22, 2010 and May 28, 2010. The

4

      stores were all robbed at gunpoint during business hours. In each instance, the robbers wore masks and gloves and stole electronics, primarily cellular telephones. At least one robber was armed during each robbery. [Although] Richardson never entered any of the stores during the commission of the robberies. . . ., he planned the robberies, provided supplies, and served as a lookout while they were taking place.

United States v. Richardson, 793 F.3d 612, 618 (6th Cir. 2015). And, as Judge Rosen remarked at Richardson's sentencing, Richardson displayed no remorse for the danger in which he put others:

      [T]hroughout the course of the case, I haven't seen one wit of remorse, contrition. Well, you're still shaking your head, [shaking off] anything even approaching a sign of regret for the events that you set in motion by your leadership of this group of individuals.

      The trauma that you caused in the lives of the people who were just going about their -- going about their business in these T-Mobile Stores and the other stores that were robbed when your group of colleagues came in the door. They were -- these folks were just everyday people going about their business.

      And, yet, the Court sat through the testimony and watched those folks who worked in the stores and the traumatic affect [sic] of the experience of having been robbed at gun point was absolutely evident to them.

      So here we are today. You, you, obviously, still are not willing to accept any responsibility for the crimes.

Sentencing Trans. at PageID.2636–2637 (Dkt. 215).

      Richardson argues that his reentry plan—which allegedly includes a stable home environment and employment at Amazon—shows that he will be a "productive" member of society if released. Def. 2d Supp Br. at 1. Given Richardson's criminal history (which showcases an inability to be easily deterred from committing future crimes), as well as the severity of the crimes for which he is now incarcerated, the Court has serious concerns that Richardson would commit further crimes—likely involving firearms or violence—if released at this time.

      Richardson argues that his post-sentencing conduct weighs in his favor, pointing to his participation in the BOP Psychological Services Group program; his completion of substance-

related classes and education courses; and the "absence of any negative write-ups, misconduct tickets, or other behavior-related issues while incarcerated." Def. 1st Supp. Br. at 16. The Court commends Richardson on his completion of BOP programming and other coursework. But he has not been a "exemplary" inmate, as he claims. Id. at 17. Contrary to his assertions, Richardson's inmate discipline record (Dkt. 347-3) reflects that he has received two infractions.

Finally, Richardson contends that the FSA's elimination of the stacking provision shows that "a reduction of sentence would more accurately reflect the seriousness of the offense, promote respect for the law, and provides for just punishment." Def. 1st Supp. Br. at 15. But as another court in this district has stated, "the Sixth Circuit held that non-retroactive amendments, such as changes to 18 U.S.C. § 924(c)'s stacking provisions, only may be considered when balancing the section 3553(a) factors upon a showing of 'some other' extraordinary and compelling reason for a sentence reduction." United States v. Dale, No. 92-81127, 2022 WL 163612, at *4 (E.D. Mich. Jan. 18, 2022) (citing United States v. Jarvis, 999 F.3d 442, 763 (6th Cir. 2021)). Richardson has not shown "some other" extraordinary and compelling reason to reduce his sentence. The fact that he has served fewer than 10 years of his sentence weighs heavily against him, whether it is measured against either the 124-year sentence he received or the 35-year sentence he would have received if he had been sentenced after the elimination of the stacking provision. See, e.g., Ruffin, 978 F.3d at 1008 (affirming district court decision that § 3553(a) factors did not support a sentence reduction in part because the defendant had served less than half of his sentence); United States v. Richards, No. 12-20372, 2021 WL 912389, at *3 (E.D. Mich. Mar. 10, 2021) ("[A]llowing Defendant to be released after serving less than half of his sentence would not promote respect for the law or proper deterrence, [or] provide just punishment . . . .").

The § 3553(a) factors, therefore, weigh heavily against granting Richardson's motion.

## II. CONCLUSION

For the reasons stated above, Richardson's motion for modification or reduction of his sentence (Dkt. 321) is denied.

SO ORDERED.

Dated: July 20, 2022　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 20, 2022.

　　　　　　　　　　　　　　　　　　　　　　s/Kelly Winslow

　　　　　　　　　　　　　　　　　　　　　　Case Manager